# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUANITA A. BANE, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-333-FHS-SPS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
|        Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant, Juanita A. Bane, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred, because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity (RFC) to perform her past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account her age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 19, 1953, and was 51 years old at the time of the hearing before the ALJ. She has a ninth grade education and previously worked as a housekeeper/supervisor, bakery helper, certified nurses' aide, sock knitter, and cleaner. The claimant alleges she has been unable to work since January 1, 1997, because of multiple impairments including diabetes, obesity, musculoskeletal pain, and foot pain.

## Procedural History

On February 12, 2003, the claimant filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq*.) and for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). Both applications were denied. After a hearing on April 27, 2005, ALJ Larry M. Weber found the claimant was not disabled in a decision dated May 23, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found the claimant had the residual functional capacity ("RFC") to perform a full range of light work, including lifting and/or carrying 20 pounds occasionally and ten pounds frequently; standing and/or walking six hours in an eight-hour workday; and, sitting six hours in an eight-hour workday (Tr. 19). The ALJ concluded the claimant was not disabled, as she could perform her past relevant work as a housekeeper/supervisor (Tr. 25).

**Review**

The claimant asserts that the ALJ erred: (i) by ignoring probative medical evidence related to problems with her feet; (ii) by improperly rejecting and weighing the opinion of her treating physician; and, (iii) by finding she had an RFC to perform a full range of light work. The undersigned Magistrate Judge finds the claimant's first contention dispositive and declines to address the remaining contentions at this time.

The claimant contends that the ALJ failed to discuss the following medical evidence concerning her feet: (i) mild tenderness in her feet in January 2003 (Tr. 238) and pain in all her toes in August 2003 (Tr. 228-29); (ii) X-ray evidence demonstrating large spurs on both heels in January 2004 (Tr. 257); (iii) findings from her podiatrist of decreased sensation and neuropathy in the feet from October and December 2003 (Tr. 280, 282-83); (iv) findings from her orthopedist of tenderness in her toes, metatarsalgia and tenderness in her left heel, tightness in her left heel cord causing difficulty in moving her foot out of the neutral position with ankle dorsiflexion, and tenderness over her plantar fascia origin in February 2004 (Tr. 221); (v) tenderness, pain, and mild swelling of the left heel pad in August 2004 (after her May 2004 surgery) (Tr. 206); (vi) decreased sensation and neuropathy in both feet in January 2005 (Tr. 299); and, (vii) findings from her orthopedist that she had not shown significant improvement following her plantar fascia release and that her problems were likely caused by neuropathy in January 2005 (Tr. 304).

The ALJ found that the claimant had severe impairments of diabetes with neuropathy, degenerative joint disease, bilateral plantar fasciitis, status post left plantar fascia release, and obesity (Tr. 17). He also discussed her diagnosis of bilateral heel spurs and her conservative

treatment, which included night splinting, injections, stretches, and medication (Tr. 20). The ALJ noted that the claimant underwent plantar fascia release on the left foot in May 2004 (Tr. 20, 201), and that although her orthopedist limited her to sedentary work, the limitation was to last only for two to three months (Tr. 20, 184). He did not, however, mention the orthopedist's opinion at a follow-up visit in January 2005 that the claimant's surgery had provided no significant improvement in her condition.

Nor did the ALJ discuss any of the evidence outlined by the claimant, indicating pain, tenderness, or loss of sensation in her feet prior to her May 2004 surgery, or more importantly, the evidence of continued problems with her feet following surgery, *e.g.*, continued pain and swelling, decreased sensation, or her orthopedist's opinion that her surgery had not resulted in significant improvement. Although the ALJ does not have to discuss every piece of evidence, he must discuss the "significantly probative" evidence he rejects. *See Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996). Further, the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). Because the ALJ failed to discuss the significantly probative evidence outlined above, this case must be reversed and remanded for further findings in connection therewith. If such findings impact the claimant's RFC, the ALJ should then reconsider his disability finding.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 7th day of December, 2006.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**